Attorneys—Not given.

No. 385
REVIEW PUB. CO. and HOILES v. WESTOVER
Ohio Appeals, 7th Dist., Mahoning County
Decided Jan. 4, 1924

715. LIBEL—Verdict held not manifestly against weight of evidence—No error held to exist on court's charge on words libelous per se—Mitigating circumstances held admissible to reduce exemplary damages.

770. MISCONDUCT—Undue criticism by court held prejudicial error.

1235. VERDICT—Verdict of $23,000 held excessive under facts of case.

ROBERTS, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Westover, the mayor of Alliance, filed an action in the Common Pleas Court founded in libel, against the Review Publishing Co. and one Hoiles. The libellous matter complained of consisted of an article in the newspaper, which censored the mayor for permitting certain red light districts to exist in the City of Alliance. A portion of the printed article provided: "The Review understands that Mayor Westover has an agreement with the resort keepers whereby they may run their houses of shame in the day time provided they shut up at night. And it is our understanding that it was because Mattie Hayes broke the mayor's rules for running these resorts that she was brought into police court, etc."

Shortly after this article appeared, the mayor wrote the newspaper demanding a retraction, which was refused. This article ap-

## STATE COURT OF APPEALS—Continued

peared on June 8th. Another alleged libelous article was published on June 19th. The petition contained only one cause of action in which it claimed both of these publications to be libelous in character. The first trial resulted in a verdict of $8,000. The case was then reversed and re-tried, and a verdict returned in favor of the plaintiff for $23,000. In reversing the judgments of the lower courts, the Court of Appeals held:

1. That the verdict was manifestly against the weight of the evidence.

2. As the court expressly limited in his instruction the publications that were actionable per se to the first and third publications, which were actionable per se, and did not include the publications which merely contained a refusal to retract, no prejudicial error was committed.

3. Mitigating circumstances tending to prove good faith are admissible to mitigate exemplary damages but not compensatory damages.

4. As the court unduly criticized counsel for defendant in the presence of the jury in such a manner as to prejudice their minds, prejudicial error was committed in this respect.

5. The verdict of $23,000 was held excessive under the facts of the case, even though the plaintiff was a public officer.

Attorneys—Moore, Barnum & Hammond, Youngstown, and Hart & Koehler, Alliance, for Review Pub. Co.; Hahn & Henderson, Youngstown, for Westover.